UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                          No. 11 Cr. 1015 (LTS)

GLENN GUZMAN,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Defendant Glenn Guzman ("Guzman"), along with three other defendants, is charged in a two-count indictment (the "Indictment") with attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. Guzman has moved to sever his case from that of his co-defendant, Angel Tejeda, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure. The Court has considered carefully all of the parties' submissions and, for the following reasons, Guzman's motion to sever is denied.

## BACKGROUND

The Indictment in this case, which was filed on November 29, 2011, charges Guzman and three co-defendants with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and with attempting to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2. Specifically, the Indictment charges the defendants with attempting, on or about November 5, 2007, to rob an individual of narcotics and narcotics proceeds, in the vicinity of 1529 Glover Street, Bronx, New York, and causing the death of that individual as a result of the robbery attempt. Guzman was arrested, pursuant to the Indictment, on December 27, 2011, and was arraigned and pleaded not guilty that same day. On March 5, 2012, this Court granted Guzman's application for bail and placed him

on home confinement. Between April 2012 and February 2013, status conferences in this case were repeatedly adjourned. Guzman did not, at any point during this period, either request a trial date or object to the exclusion of speedy trial time. On February 14, 2013, Guzman appeared before this Court and, after expressing his frustration with counsel, was appointed new CJA counsel. At a conference on April 11, 2013, the Court set a trial date for July 22, 2013. On May 22, 2013, however, Angel Tejeda, one of Guzman's co-defendants, was arrested.[1] Tejeda and Guzman appeared before the Court on June 4, 2013, at which time the Government indicated that it would seek to adjourn Guzman's July 22, 2013, trial date. Guzman informed the Court that he wished to proceed with trial on July 22, 2013, and would, accordingly, seek a severance.

## DISCUSSION

"If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed R. Crim. P. 14(a). However, "[o]nce defendants have been charged together in a single indictment . . . there is a presumption in favor of trying them together." United States v. Ramos, 346 F. Supp. 2d 567, 570 (S.D.N.Y. 2004); see also Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together"). A defendant seeking severance must meet the high bar of "demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial." Ramos, 346 F. Supp. 2d at 569 (internal quotations omitted). In fact, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial

---

[1] Guzman's co-defendant, Joshua Colon, was arrested on or about December 20, 2011. The fourth co-defendant, Nelson Ramirez, was arrested on or about January 12, 2012. Both Colon and Ramirez have pleaded guilty to charges in superseding informations.

would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 538; see also United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993) ("The principles that guide the district court's consideration of a motion for severance usually counsel denial"). Determination of a severance motion is committed to the discretion of the district court, and "denial of such a motion will be reversed only upon clear abuse of that discretion." United States v. Jimenez, 824 F. Supp. 351, 366 (S.D.N.Y. 1993).

Courts consider the following factors in determining a severance motion: "(1) the number of defendants and the number of counts; (2) the complexity of the indictment; (3) the estimated length of the trial; (4) disparities in the degrees of involvement by defendants in the overall scheme; (5) possible conflict between various defense theories; and (6) prejudice resulting from evidence admissible as to some defendants, but not others." Ramos, 346 F. Supp. 2d at 570. "While no one factor is dispositive, the ultimate question is whether the jury can keep the evidence relevant to each defendant separate and render a fair and impartial verdict as to each defendant." United States v. Locascio, 357 F. Supp. 2d 536, 543 (E.D.N.Y. 2004).

Guzman's arguments in support of severance are that: 1) he would be unduly prejudiced by any further delays; and 2) at a joint trial with co-defendant Tejeda, he would be unfairly prejudiced by the introduction of evidence relating to the death of the robbery victim.

Delay

Guzman argues that, to date, he has waited 18 months for his case to be brought to trial and that, if his case is not severed from Tejeda's, he will have to wait a further indefinite amount of time -- a delay that would not be reasonable under the Speedy Trial Act and that would "risk[] denying him of his Sixth Amendment right to a speedy trial." (Def.'s Motion at 2-3.) However, Guzman did not, at any point between his December 2011 arrest and an April 11, 2013 conference,

ask the Court for a trial date, and he consented to all exclusions of time during that period. At the April 11, 2013, conference, where the Court set a July 22, 2013, trial date, Guzman again consented to the exclusion of time until the trial date. Accordingly, any relevant delay for speedy trial purposes would begin only July 22, 2013. The Court finds that a delay of a few months between July 22, 2013, and a date that would accommodate a joint trial with Tejeda is reasonable. The Speedy Trial Act explicitly authorizes a "reasonable period of delay when the defendant is joined for trial with a codefendant," 18 U.S.C.A. § 3161(h)(6) (West Supp. 2012), and courts have repeatedly found that delays in multi-defendant cases are reasonable and insufficient to warrant severance. See, e.g., United States v. Minaya, 395 F. Supp. 2d 28, 41 (S.D.N.Y. 2005) (denying motion to sever by defendant charged with participation in narcotics conspiracy from co-defendants charged with murder because "[i]n any multi-defendant case . . . it is almost inevitable that the period of pre-trial detention will be longer than in an action involving only one defendant").

      Guzman's argument that any further delay would threaten his Sixth Amendment right to a speedy trial is similarly unpersuasive. A delay between July 22, 2013, and a new trial date would not be uncommonly long.[2] See United States v. Leaver, 358 F. Supp. 2d 255, 269 (S.D.N.Y. 2004) (suggesting that post-indictment delay less likely to be "uncommonly long" for speedy trial purposes if Government alleges that defendant had co-conspirators that the Government needed to question or arrest). Nor would Guzman suffer undue prejudice from a delayed trial. The constitutional right to a speedy trial is designed to protect the following interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker v. Wingo, 407 U.S. 514, 532 (1972). Guzman does not argue that further delay would implicate the third and most important interest. See id. Admittedly, though

---

[2] Guzman does not contend that the Government is to blame for the delay.

Guzman is not in custody, "he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility." See id. Weighing all the factors involved, however, the Court finds that Guzman's anxiety and the conditions of his home confinement are insufficient to support a finding of a deprivation of the right to a speedy trial.

Spillover Prejudice

Guzman next argues that, were he tried jointly with co-defendant Tejeda, he would suffer "spillover" prejudice because the jury would see evidence of the violent beating death of the robbery victim that would be inadmissible in a trial of Guzman alone. (Def.'s Brief at 4.) Guzman contends that evidence of the robbery victim's death, including autopsy and crime scene photos, is not relevant to the case against Guzman, and that, even if such evidence were relevant, its probative value is substantially outweighed by the danger of unfair prejudice.

The Government responds that Guzman and Tejeda are charged with committing the same November 5, 2007, Hobbs Act robbery that led to the victim's death, and that evidence at trial will show that Guzman and Tejeda jointly planned the robbery and that it was foreseeable that violence could result from their joint plan. (Gov't Opp. at 6); see also United States v. Salameh, 152 F.3d 88, 115 (2d Cir. 1998) (noting that while "prejudice occurs in joint trials when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper . . .[t]his is an unlikely occurrence when all the defendants are charged under the same conspiracy count"). Accordingly, the Government contends that evidence of the victim's death is clearly relevant to Guzman under Federal Rules of Evidence 401 and 402, and should not be excluded under Federal Rule of Evidence of 403 as unfairly prejudicial.

Guzman relies heavily on the transcript of his March 5, 2012, bail hearing, where the

Government conceded that Guzman was not present when the victim was beaten, and declined to make an evidentiary proffer that Guzman could have expected the violence that occurred in conjunction with the planned robbery.[3] The Government's proffers at Guzman's bail hearing, over one year ago, were offered in the unrelated context of determining whether Guzman was a risk to the community. Moreover, the Government now proffers that, at trial, it will present evidence sufficient to establish that the likelihood of violence during the planned robbery was plainly foreseeable. In light of the Government's current proffers, it cannot be said that evidence of the victim's death would be irrelevant to Guzman's case, or that the probative value of such evidence would be substantially outweighed by a danger of unfair prejudice. Thus, the Court finds it likely that, whether at a joint or separate trial, evidence of the robbery victim's death would be admissible against Guzman.[4]

---

[3] Insofar as Guzman's argument for severance is premised on the fact that he did not actively participate in the beating of the victim, such an argument is unavailing. The fact that two co-defendants played different roles in the commission of a crime is insufficient to warrant severance. See United States v. Chang An-Lo, 851 F.2d 547, 557 (2d Cir. 1988) ("it is well established that differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials") (internal quotations omitted). The Second Circuit has explicitly recognized "that joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." United States v. Locasio, 6 F.3d 924, 947 (2d Cir. 1993).

[4] United States v. Williams, 181 F. Supp. 2d 267 (S.D.N.Y. 2001), upon which Guzman relies, is distinguishable. In Williams, a defendant who was charged with a single count of narcotics conspiracy moved for severance from the trial of co-defendants who were charged in numerous RICO counts of a seventeen-count indictment. The defendant argued that she would suffer spillover prejudice in a joint trial, as the Government would likely introduce evidence of murders relevant to the RICO counts in which she was not charged. The court granted the severance motion, noting that, while proof of the murders and other violent acts might ultimately be admissible against the defendant, "evidence of the details of those acts, such as grisly photos of the crime scene or the victims, would likely not be admissible to prove the narcotics conspiracy." Id. at 302. Here, Guzman and Tejeda are charged with planning and participating in the same Hobbs Act robbery. Unlike the defendant in Williams, whose legitimate concern that evidence of murders with which she was not charged would unduly prejudice her at a joint trial, Guzman's contention that he played a

Even if evidence of the robbery victim's death were not admissible against Guzman, severance would not be mandatory. See United States v. Carson, 702 F.2d 351, 367 (2d Cir. 1983) ("The fact that evidence may be admissible against one defendant but not against another does not necessarily require a severance"). Instead, "[l]imiting instructions to the jury have emerged as the preferred device for curing any prejudicial spillover that may result from a multi-defendant, multi-count trial." United States v. Ghavami, No. 10 Cr. 1217, 2012 WL 2878126, at *14 (S.D.N.Y. Jul. 13, 2010).

After careful consideration of the parties' factual proffers, the Court finds that Guzman has not met his burden of showing that, without severance, he would be subject to prejudice sufficient to override the presumption in favor of a joint trial. First, a comparatively short adjournment of the trial date from July 22, 2013, to a date convenient for Tejeda would neither be unreasonable under the Speedy Trial Act nor infringe upon Guzman's constitutional right to a speedy trial. Second, even if the introduction of evidence of the robbery victim's death at a joint trial would subject Guzman to some "spillover prejudice," any such prejudice could be remedied through an appropriate limiting instruction to the jury. See, e.g, Carson, 702 F.3d at 366-67 ("differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials"). The Court will give appropriate limiting instructions upon request.

---

limited role in the single charged crime is insufficient to warrant severance.

## CONCLUSION

For the foregoing reasons, Guzman's motion to sever is denied. This Memorandum Order resolves docket entry no. 53. A conference is scheduled for July 1, 2013, at 4:30 p.m. in Courtroom 17C.

SO ORDERED.

Dated: New York, New York
July 1, 2013

/S
LAURA TAYLOR SWAIN
United States District Judge